**STATE of Missouri, Respondent,**

v.

**Antonio T. JORDAN, Appellant.**

**No. WD 60881.**

Missouri Court of Appeals, Western District.

April 29, 2003.

Craig A. Johnston, Assistant State Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Philip M. Koppe, Assistant Attorney General, Kansas City, MO, for respondent.

Before NEWTON, P.J., and ULRICH and EDWIN H. SMITH, JJ.

ments should be included in that calculation.

## Order

PER CURIAM.

Antonio T. Jordan appeals the judgment of his conviction, after a jury trial in the Circuit Court of Buchanan County, for trafficking drugs in the second degree, § 195.223.3.

The appellant raises four points on appeal. In Point I, he claims that the trial court erred in overruling his motion to dismiss for prosecutorial vindictiveness because the court's ruling was not supported by the evidence in that the evidence presented clearly established that there was a realistic likelihood that the prosecutor amended the charge against him from the class B felony of possessing drugs with the intent to deliver to the class A felony of trafficking drugs in the second degree for the purpose of punishing him for exercising his constitutional right of filing a motion to suppress his statement to the police. In Point II, he claims that the trial court plainly erred in overruling his objection to the closing argument of the prosecutor concerning defense allegations of coercion of the appellant's statement to the police and its inaccuracies as transcribed because the argument constituted impermissible vouching for the honesty of the police officers and invited the jury to decide the issue of the voluntariness of his statement based on matters outside the record. In Point III, he claims that the trial court plainly erred in allowing the prosecutor to argue to the jury that in order to convict, under § 195.223.3, for trafficking in the second degree, it did not have to find that the appellant knew the weight of the cocaine he was alleged to have possessed because in doing so, it erroneously declared and applied the law. In Point IV, he claims that the trial court plainly erred in failing to instruct the jury that, in order to convict, under § 195.223.3, it did not have to find that the appellant knew the weight of the cocaine he was alleged to have possessed because it erroneously declared and applied the law.

Affirmed. Rule 30.25(b).